653 S.E.2d 277

**In the Matter of Pamela L. BUCHANAN–LYON, Respondent.**

No. 26390.

Supreme Court of South Carolina.

Submitted Sept. 26, 2007.

Decided Nov. 5, 2007.

430

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Pamela L. Buchanan–Lyon, pro se, of Anderson.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction provided by Rule 7(b), RLDE, Rule 413, SCACR. She requests that any suspension or disbarment be made retroactive to April 6, 2006,

the date she was transferred to incapacity inactive status. *See In the Matter of Buchanan–Lyon,* 368 S.C. 186, 628 S.E.2d 891 (2006). We accept the agreement and indefinitely suspend respondent from the practice of law in this state. Respondent's request to make the suspension retroactive is denied. The facts, as set forth in the agreement, are as follows.

## *FACTS*

In March 2006, respondent filed a self-report in which she stated she had failed to comply with the requirements set forth in Rule 417, SCACR. Specifically, respondent did not maintain client trust ledgers or sufficient copies of receipts and disbursements to and from her trust account, she did not maintain or have her trust account bank statements in a readily accessible location, and she was not reconciling her trust account statements on a monthly basis. Due in part to respondent's failure to comply with Rule 417, SCACR, as of March 2006, at least $18,000 in client funds were unaccounted for and respondent did not have sufficient funds in her trust account to cover the client funds.

Respondent requests the Court consider her diagnosis of bipolar affective disorder in mitigation of her misconduct. According to the agreement, respondent has been fully cooperative and forthright with ODC throughout the investigation.

## *LAW*

■■■■  Respondent admits that by her misconduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall safekeep client property); and Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct). Further, respondent admits her misconduct violated Rule 417, SCACR. In addition, respondent admits her misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. The suspension shall not be retroactive to the date respondent was transferred to incapacity inactive status. Before she may file a Petition for Reinstatement respondent shall make full restitution to all persons and entities which have been harmed by her misconduct. Similarly, prior to filing a Petition for Reinstatement, respondent shall fully reimburse the Lawyers' Fund for Client Protection should it pay any claims on her behalf. Within fifteen days of the date of this opinion, respondent shall surrender her certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.